Judge Marshall
delivered the opinion of the Court.
This was an action of trover brought by Herndon to recover damages for removing and keeping out of his reach, property on which he had levied an execution'against one of the defendants. The first countin the declaration is in the common form of a count in trover. The second states the facts, specifically showing that the plaintiff was possessed of the goods as sheriff. There is,no misjoinder of counts or of right's of action, as the counsel seem to suppose. The plaintiff claims no other possession but as sheriff. But his right of action is in his personal and not in his official character. And his character and acts as sheriff set forth in the second count, are proper to sustain a recovery under the first. The same cause of action is specifically set forth. The demurrer and the motion in arrest of judgment, were, therefore, properly overruled.
There is no doubt that a levy upon personal property gives to the sheriff such a possession as enables *485 him to maintain trover for its conversion while in his possession. Nor do we doubt that if he has made a proper levy, but permits the property to remain with the defendant in the execution, or any other, on a verbal undertaking to have it forthcoming on the day of sale, his possession continues so as to entitle him to the action against the bailee or any others who may convert it to their own use, and thus prevent him from subjecting it according to law to the satisfaction of the execution.
The return of a sheriff that he had levied an ex execution upon property made before any s”:r. brought, is ccbj. pelent evidence in an action of trover by the sheriff to recover the possession of the property levied upon.
The principal question in the case is, whether the execution and the return thereon made by the plaintiff himself, as sheriff, apparently regular, and dated long befoi’e the commencement of this action, and stating that he had lived upon the property now in question, were admissible evidence for him to prove such a levy as vested the possession in him. If the re-ton was admissible at all to pi’ove the facts stated in it, it was admissible to pi’ove, and“was prima facie sufficient to p2’ove that the levy was made according to the duty of the sheriff, and in such manner as to vest the possession in him. And as there is no other evidence tending to show either that there was no levy or the particular manner in which a levy was made, no question arises in the case as to the facts or acts which constitute a legal levy. And the opinions of the Court upon that question, whether right or wrong, were not prejudicial to the defendants. The sheriff returned that he levied 021 the pi’opei'ty, and that there was a jury to try the right, who found the property subject to the execution. There is nothing to contradict any part of the reto’n. But the parol testimony corroborates the statement as to the trial of the right of property, and shows that the parties understood that it had been levied on, and that one of the present defendants having it in his possession or control, and claiming it against the execution, promised, when the trial was over and. the property found subject, that it should be forthcoming on the day fixed for the sale. These facts, in *486 addition to the return, authorize the inference that there had been a previous legal levy known to the parties interested. But if the return itself was not admissible as evidence, the case was not properly before the jury. It is to be observed that the plaintiff did not offer to prove by his return that the property had been taken away or withheld by the defendants or anyone-else, but only that he had levied upon it, there being no mention in the return of what had become of it after the trial of the right. It was the sheriff’s duty to make a levy and to enter it on the execution ; and if this official statement of an official act which it was his duty to perform and to certify, as he has done, is not to be prima facie evidence for him, it would be necessary for him to have and to keep a witness to verify his official acts and statements. We are of opinion that the law does not impose this burthen upon an officer, the nature of whose duties are so multifarious and so hazardous. But that in this, as in other cases, it gives verity to his official statements of his official acts required to be done and cei’tified, so far as to throw the burthen of disproving them upon those who are interested in so doing. It will not assume that in the regular and timely official statement of his official acts, he is making evidence for himself, but rather that he is acting in the discharge of his official duty, and is therefore entitled like every other member of the community to the benefit of the evidence which he has thus furnished in his .official character.
In the case of Brown, &c. vs Commonwealth for Price, (6 Monroe, 621,) which was an action for an escape, the Court decided that the plaintiff having read so much of the sheriff’s return as showed the capture and escape, the sheriff had a right to read the addition which stated a fresh pursuit, although this addition had been made by way of amendment with the leave of the Court, after the original return. And in other cases, as in First vs Miller, (4 Bibb, 311,) where a part of the return has been held incompetent to prove the fact *487 stated in favor of the sheriff, it was evidently upon the ground that the sheriff was not required or authorized by law to return the particular fact; and not upon the ground that his return regularly made, could not be used by him as evidence of a fact which he was required to certify.
J. D. Hardin, Penny, and Harlan, for appellants; Herndon and Braffin, for appellee.
We are of opinion, therefore, that the return as read in this case, was admissible as prima facie evidence between these parties, and that it proved sufficiently a lawful levy on the property in controversy. The questions of fact as to the eloignment of the goods by the defendants jointly or severally, was properly left to the jury, and their verdict on that point was authorized by the evidence. The mortgage of which S. D. Williams claimed the benefit, did not justify his' removing or withholding the property which he had promised to have forthcoming. Nor did it furnish ground for diminishing the recovery on account of the sum due him by the mortgage, as there was other property conveyed in the mortgage greatly more than sufficient to discharge his demand, and wholly unaccounted for. Nor was the vei’dict for a greater sum than was sufficient to' cover the damages sustained by the plaintiff by the conversion of the property, whereby he was rendered responsible for the debt, interest, and costs, • and deprived of his commissions on the sale.
There is, therefore, no ground in the evidence or the instructions for disturbing the verdict. And as the evidence offered after the instructions had been given, was perfectly within the power and knowledge of the defendants during the whole course of the trial, and when sifted proves scarcely any thing more than they had before proved, the refusal to allow it to be introduced was not an abuse of discretion which requires this Court to direct a new trial.
Wherefore the judgment is affirmed.